LOCAL 156, UNITED PACKINGHOUSE,
FOOD AND ALLIED WORKERS,
AFL–CIO, Plaintiff-Appellee,

v.

DU QUOIN PACKING COMPANY,
Defendant-Appellant.

No. 14645.

United States Court of Appeals
Seventh Circuit.

Oct. 5, 1964.

**420**

Paul S. Kuelthau, St. Louis, Mo., Ralph D. Walker, Walker & Williams, East St. Louis, Ill., Moller, Talent & Kuelthau, St. Louis, Mo., for defendant-appellant.

C. C. Dreman, Belleville, Ill., David R. Kentoff, Eugene Cotton, Richard F. Watt, Chicago, Ill., Cotton, Watt, Rockler & Jones, Chicago, Ill., for plaintiff-appellee.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Defendant-appellant, Du Quoin Packing Company, hereinafter called "Du Quoin", has appealed from the District Court's finding that the grievances submitted by the plaintiff-appellee, Local 156, United Packinghouse, Food and Allied Workers, AFL–CIO, hereinafter called the "Union", are arbitrable and the resultant order directing Du Quoin to arbitrate.

During an eleven-month strike, Du Quoin made certain changes in its operations: (1) transferring its frozen food operation to its Carbondale, Illinois, plant where deliveries are made by employees who are not represented by the Union, and (2) transferring duties performed in the past by the Sales Cooler Clerk, a job in the unit represented by the Union, to the office and the utilization of an I B M system.

On September 15, 1962, Du Quoin and the Union entered into a new agreement, ending the strike. When the employees who had been performing the transferred duties were not reinstated or were assigned to other less well paid duties, the Union submitted two grievances alleging violation of the new collective bargaining agreement in that jobs historically assigned to employees in the bargaining unit continued to be withheld from and after the effective date of the new agreement. The Union complains only of post contract effects.

Du Quoin's position is that these grievances concern changes which the Union concedes Du Quoin was at liberty to make during the strike; that the contract contained no requirement that Du Quoin rescind any action which it had taken during the strike.

Article XVI of the agreement provides in pertinent part as follows:

"Should differences arise between the Company and the Union, or its members employed by the Company, as to the meaning and application of the provisions of this Agreement, * * * there shall be no strike, * * * by the Union or its members, on account of such differences, * * * but all such matters shall be settled as promptly and expeditiously as possible in accordance with the following four-step procedure:

\* \* \* \* \* \*

"4. Should the parties fail to reach an agreement after resort to the three steps above, however, either party may submit the matter to arbitration * * *"

The first three steps have failed to result in any agreement. The Union has requested arbitration and brought this suit to compel it.

The clause is similar to those involved in the Steelworkers trilogy: United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel & Car

Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed. 2d 1424 (1960). The Supreme Court there held that an order to arbitrate a particular grievance should not be denied unless it is clear that the arbitration clause is not susceptible of an interpretation which covers the asserted dispute, with doubts resolved in favor of coverage. This puts a heavy burden on Du Quoin.

The Union argues that Article III of the agreement defines "employee" as applying to those occupying jobs in production, maintenance and delivery, employed in and about the plant at Du Quoin, Illinois. Du Quoin points out that the same Article states in its last sentence that no Du Quoin employee who does not fall within the definition shall perform production or maintenance work, but omits mention of delivery work, which is involved in one of the grievances sought to be arbitrated.

The Union notes that Exhibit A of the new agreement sets out wage-scale classifications which suggest that the parties intended to reinstate Union members in the transferred jobs. Du Quoin again points to the conclusion of Exhibit A which provides that the above stated wage rate system is not intended to change plant operations, job duties, or the management's right to assign work or duties. All this goes to the merits of the case which are not before us.

As the Union's counsel stated in oral argument before this Court, the Union does not here assert the right to arbitrate any and all policies which Du Quoin may have instituted in the past and which may have effects continuing into the present. The Union asserts a right to arbitrate only such matters which, as here, the Union can present as arguably within coverage, *i. e.*, not necessarily as conclusively, but only as arguably, within coverage.

Whatever this Court may think of the actual merits of the Union's position, it is an arguable one. As the District Court found:

> "It would appear that the question presented deals directly with the meaning and application of the collective bargaining agreement. Defendant contends that the collective bargaining agreement does not and was not intended to cover the acts complained of, while plaintiff contends that the acts and conduct of the company complained of are violations of the collective bargaining agreement."

The parties have agreed to arbitrate differences arising between them as to the meaning and application of the provisions of the agreement. This is such a difference. The order of the District Court is affirmed.

Affirmed.