353 F.2d 687
 GENERAL TEAMSTERS, CHAUFFEURS AND HELPERS UNION, LOCAL NO.
782 OF MAYWOOD AND VICINITY, OF the INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND
HELPERS OF AMERICA, Plaintiff-Appellee,
v.
BLUE CAB COMPANY, Inc., Defendant-Appellant.
GENERAL TEAMSTERS, CHAUFFEURS AND HELPERS UNION, LOCAL NO.
782, etc., Plaintiff-Appellee,
v.
VILLAGE CAB COMPANY, Defendant-Appellant.
GENERAL TEAMSTERS, CHAUFFEURS AND HELPERS UNION, LOCAL NO.
782, etc., Plaintiff-Appellee,
v.
BLUE CAB COMPANY, Inc., Defendant-Appellant.
 No. 15144.
 United States Court of Appeals Seventh Circuit.
 Nov. 30, 1965.
 
 Ronald E. Stackler, Chicago, Ill., for appellant.
 I. Harvey Levinson, Chicago, Ill., for appellee.
 Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.
 CASTLE, Circuit Judge.
 
 
 1
 The defendants-appellants, Blue Cab Company, Inc., and Village Cab Company, Inc., prosecute this appeal from a summary judgment ordering the defendant, Blue Cab, to arbitrate its discharge of an employee and vacation pay claims of certain other employees, and ordering the defendant, Village Cab, to arbitrate vacation pay claims of certain employees.
 
 
 2
 In three separate actions filed in the District Court, invoking jurisdiction pursuant to 29 U.S.C.A. 185, the plaintiff-appellee, Union,[1] sought to compel arbitration of the respective disputes pursuant to the grievance and compulsory arbitration provisions of the collective bargaining agreements between the Union and the defendants. The defendant, Blue Cab, filed a motion to dismiss the action concerning the employee discharge, the action first filed, asserting lack of jurisdiction because it was not engaged in an industry affecting interstate commerce. This phase of the initial action culminated in the court's denial of the motion based upon its findings and conclusions that, among other things, Charles Ugaste and John Ugaste, brothers, operated as a multiple employer both Blue Cab and Village Cab, together with several other business enterprises, from the same address. When the subsequent actions involving the vacation pay claims were filed, and the jurisdictional defense was again asserted, all three actions were consolidated on plaintiff's motion, and then proceeded to final disposition[2] on plaintiff's motion for summary judgment submitted on depositions, and affidavits and counter-affidavits, under the provisions of Rule 56(c) of the Federal Rules of Civil Procedure (28 U.S.C.A.).
 
 
 3
 The main contested issues presented by the defendants' appeal are (1) whether the existence of genuine issues of material fact precluded disposition of each of the actions by summary judgment; and (2) whether as a matter of law the discharge dispute and the vacation pay claims were matters committed to the compulsory arbitration procedures of the collective bargaining agreements involved.
 
 
 4
 The defendants additionally assert that the District Court erred in consolidating the three actions. Although defendants concede the consolidation 'by itself is of no great moment to the (defendants)', they urge that the District Court's disposition of the matter demonstrates that it failed to give separate attention to the issue of the arbitrability of the vacation pay claims but treated the question of arbitrability of each of the three cases as identical. We perceive no merit to the contentions of the defendants in this connection. The record discloses that in their pertinent provisions the collective bargaining agreements with both Blue Cab and Village Cab were essentially the same. The common questions of law and fact presented by the jurisdictional defense raised in each action warranted their consolidation under the provisions of Rule 42 of the Federal Rules of Civil Procedure (28 U.S.C.A.). In addition, the issue of the arbitrability of the vacation pay claims was common to each of the two actions involving such claims. Moreover, the defendants did not oppose the plaintiff's motion for consolidation. They made no objection to the consolidation until five days after it was ordered. Under the circumstances the initial consolidation involved no abuse of discretion. And, the record reveals nothing which subsequently occurred which required a separation of the actions for consideration and disposition in order to avoid prejudice to the defendants. The judgment order the court entered discloses it found that no genuine issue as to any material fact existed. And, contrary to the defendants' contention, the court recognized that two different types of claims were presented and specifically treated and disposed of both. The defendants were entitled to no greater elaboration. The making of additional specific findings and separate conclusions on a motion for summary judgment is ill advised since it would carry an unwarranted implication that a fact question was presented. A R Inc. v. Electro-Voice, Incorporated, 7 Cir., 311 F.2d 508, 513.
 
 
 5
 We turn to consideration of the issues heretofore stated as the main contested issues.
 
 
 6
 The collective bargaining agreements contained a provision that 'no driver shall be discharged for being involved in an accident unless he is an accident hazard'. Each agreement contained a provision that to be entitled to vacation pay an employee with less than ten years of continuous service must work at least 250 days, and an employee with more than ten years of continuous service must work at least 225 days, immediately preceding the claimed vacation.
 
 
 7
 Both the collective bargaining agreement with Blue Cab and that with Village Cab contained a compulsory arbitration clause embracing within its scope 'any difference * * * concerning the interpretation of, or adherence to, the provisions of this Agreement'.
 
 
 8
 The action concerning the discharge of an employee by Blue Cab involves a driver allegedly discharged as an 'accident hazard'. Defendants' contention that this action to compel arbitration of the matter of whether the employee was unjustifiably dismissed involves genuine issues of material fact is predicated upon the asserted relevance of past practive concerning dismissals on such ground and the prior bargaining history between the parties with respect to the arbitrability of such discharges. The relevance of past practice and prior bargaining history is conceded. Drake Bakeries v. Bakery Workers, 370 U.S 254, 82 S.Ct. 1346, 8 L.Ed.2d 474; Independent Petroleum Workers of America v. American Oil Company, 7 Cir., 324 F.2d 903, 907; Communications Workers of America v. Pacific Northwest Bell Telephone Co., 9 Cir., 337 F.2d 455, 459. But in the posture in which the instant case rests such considerations are without application. No such factors were presented by the pleadings, depositions, affidavits, or briefs before the District Court. Thus, defendants' complaint that they were deprived of an opportunity to offer testimony on the subjects of past practice and prior bargaining history cannot serve on appeal as the basis for establishing that a genuine issue of material fact was raised below.[3]
 
 
 9
 The defendants' contention that the two vacation pay claim actions encompassed genuine issues of material fact is based on the defense pleaded in defendants' answers that the claimants 'have never made any color of showing that they have worked the required time, all of which would make arbitration a useless and empty procedure'. The complaints alleged that the claimants had 'performed all of the conditions in said agreement undertaken to be performed by them'. But the factual issue thus raised goes to the merit of the claims not to the issue of whether such claims are arbitrable-- the only issue which a here involved.
 
 
 10
 Defendants' remaining contentions are addressed to sustaining the proposition that as a matter of law the discharge dispute and the vacation pay claims are not within the orbit of the matters committed to arbitration by the agreement. But defendants are able to point to no language of the contract which expressly or specifically removes these subject matters from the broad scope of the arbitration clause here employed. The agreement contains no definition of 'accident hazard'. But defendants advance a tenuous and tortuous argument to the effect that the context of the 'discharge as an accident hazard' provision serves to demonstrate that the 'accident hazard' driver is recognized as a particular menace not accorded the more favorable treatment extended to the normal driver who happens to become involved in an accident, and thereby evidences intent to remove a discharge of the former from the scope of the arbitration clause. We find the argument wholly unconvincing. And, we conclude that both the discharge and the vacation pay claims are matters subject to the application of the broad arbitration clause here involved. Both involve 'interpretation of and adherence to' the contract.
 
 
 11
 The observations made in Local 156, United Packinghouse, Food and Allied Workers v. Du Quoin Packing Company, 7 Cir., 337 F.2d 419, 420-421, are apposite:
 
 
 12
 'The clause is similar to those involved in the Steelworkers trilogy: United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The Supreme Court there held that an order to arbitrate a particular grievance should not be denied unless it is clear that the arbitration clause is not susceptible of an interpretation which covers the asserted dispute, with doubts resolved in favor of coverage. This puts a heavy burden on Du Quoin (the employer).
 
 
 13
 'Whatever this Court may think of the actual merits of the Union's position, it is an arguable one.'
 
 
 14
 The judgment order of the District Court is affirmed.
 
 
 15
 Affirmed.
 
 
 
 [1]
 General Teamsters, Chauffeurs and Helpers Union, Local No. 782 of Maywood and Vicinity, of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America
 
 
 [2]
 The court had earlier, prior to publication of the opinion in John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898, denied summary judgment on the basis that questions of procedural arbitrability were involved and that such questions were to be resolved by the court-- not left to the decision of the arbitrator. Such had been the law of this Circuit prior to the decision in Wiley. Brass & Copper Workers etc. v. American Brass Company, 7 Cir., 272 F.2d 849
 
 
 [3]
 Insofar as past practice or prior bargaining history may have any bearing on the substantive merits of the disputes involved the arbitrator may consider whatever evidence is adduced before him concerning such factors