**WESTERN IOWA PORK COMPANY,**
Inc., Appellant,

v.

**NATIONAL BROTHERHOOD PACKING-
HOUSE AND DAIRY WORKERS,
LOCAL NO. 52,** Appellee.

**No. 18312.**

United States Court of Appeals
Eighth Circuit.

Sept. 27, 1966.

John E. Tate, of Nelson, Harding, Acklie, Leonard & Tate, Lincoln, Neb., for appellant. Charles F. Noren, Lincoln, Neb., was with him on the brief, together with Philip J. Willson, of Smith, Peterson, Beckman & Willson, Council Bluffs, Iowa.

George G. West, of West, McGrane, Haugan & Oxberger, Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, BLACKMUN and GIBSON, Circuit Judges.

GIBSON, Circuit Judge.

The sole question presented on this appeal is whether an arbitrator exceeded his authority in granting awards on two grievances filed by the National Brotherhood Packinghouse & Dairy Workers, Local No. 52 (Union) against the Western Iowa Pork Co., Inc. The District Court for Iowa, 247 F.Supp. 663, the Honorable William C. Hanson, upon complaint filed by the Union, ordered enforcement of the award. We affirm.

Grievance number 27 filed by the Union states:

"The Union requests that all employees be paid the difference between pay for hours worked and the equivalent of 36 hours pay in holiday weeks without regard to holiday pay."

With reference to this grievance the arbitrator, who was selected by mutual agreement of the parties pursuant to their Collective Bargaining Agreement from a panel selected by the Federal Mediation and Conciliation Service, considered the following provisions of the Agreement:

"Article VI.

Hours of Work and Overtime

"(3) The Company guarantees to each regular full-time employee thirty-six (36) hours work or pay equivalent to thirty-six (36) hours at his regular rate for each period of Monday through Saturday * * * barring acts of God."

"Article X.

"(1) The following days will be observed as holidays: New Year's Day, Washington's Birthday, Decoration Day, Fourth of July, Labor Day, Veteran's Day, Thanksgiving Day, Christmas Day.

\*   \*   \*   \*   \*   \*

"(3) All regular fulltime employees except probationary employees shall be paid for eight (8) hours at their regular rate of pay for each of the holidays set forth above * * *."

From this the Union argued that in weeks on which a holiday fell, the employees were guaranteed thirty-six hours of regular pay plus eight hours of holiday pay for a total guarantee of forty-four hours of pay for the week. After a full hearing, the arbitrator sustained the position of the Union.

Grievance number 28 filed by the Union states:

"Whereas provisions of our contract provide for five out of six days as a regular work week, we hereby request that the company pay time and one-half overtime rate on all hours worked by all employees in the unit on the sixth consecutive day in all weeks where this has occurred."

With reference to grievance 28 the arbitrator considered the following provisions of the Agreement:

"Article VI.

Hours of Work and Overtime

"(1) The basic work day will be eight (8) hours. The basic work week will

be forty hours. It is understood that the foregoing does not restrict the amount of time an employee can be required to work to eight (8) hours in any one day or forty (40) hours in one week.

"(2) The regular work week shall be five (5) of six (6) days, Monday through Saturday.

\* \* \* \* \* \*

"(4) One and one-half times the regular rate of pay shall be paid for all hours worked in excess of eight (8) hours in any one day or forty (40) hours in any one work week.

"(5) Double the regular rate of pay shall be paid for all hours worked on Sunday. \* \* \* "

After considering these provisions the arbitrator sustained the position of the Union and ruled that the Company would have to pay overtime for all hours worked on the sixth day (of a work week Monday through Saturday) regardless of the total number of hours worked for the week, when the employee had been required to work on five of the previous days. We note that under Article VI (2), "The regular work week shall be five (5)˙of six (6) days, Monday through Saturday." Resisting comments on the merits, we can say that the issues raised are within the ambit of the agreement and that there is substantial support for the arbitrator's decision.

The Western Iowa Pork Co. refused to abide by these decisions of the arbitrator contending that they exceeded the authority granted in the Agreement by adding provisions not included by the parties. The Agreement provided that the arbitrator's awards were binding; and upon the Company's refusal to comply, the Union filed suit in the United States District Court for the Southern District of Iowa under § 301 of the Labor Manage-

ment Relations Act (29 U.S.C. § 185) [1] seeking enforcement of the awards. The District Court's judgment of enforcement was appealed to this Court.

■■■ There is little dispute as to the applicable law. Both parties seem to agree that the courts do not have jurisdiction to review the merits of the underlying dispute. If the arbitrator has authority to act, his decision will not be questioned by the courts. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). The only point for us to decide is whether the arbitrator had authority to grant the awards in question. The authority of an arbitrator springs from the agreement between the parties, and it is upon the terms of this agreement that the award must be based. The arbitrator is not free to "dispense his own brand of industrial justice." United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). However, in making the determination of whether an arbitrator has exceeded his authority the agreement must be broadly construed with all doubts being resolved in favor of his authority. Bonnot v. Congress of Independent Unions, Local #14, 331 F.2d 355 (8 Cir. 1964). As stated in United Steelworkers of America, etc. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L. Ed.2d 1409 (1960):

"An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

1. Section 185, U.S.C. Title 29 reads in part as follows:

"Suits by and against labor organizations—Venue, amount, and citizenship

"(a) Suits for violation of contracts between an employer and a labor or-

ganization \* \* \* may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

██ Applying this philosophy to the facts of the case at hand we see that hours, wages, and overtime are dealt with in the collective bargaining agreement. The Agreement provides that "should any dispute arise concerning the interpretation or application of this Agreement * * * the dispute or grievance shall be submitted to arbitration." Thus on the face of the Agreement, these grievances would seem to be a proper subject for arbitration under the doctrine enunciated in United Steelworkers of American v. American Manufacturing Co., supra, stated at pages 567–568 of 363 U.S., at page 1346 of 80 S.Ct.:

> "The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator."

We applied the above doctrine in the analogous case of United Brick & Clay Workers of American v. A. P. Green Fire Brick Co., 343 F.2d 590 (8 Cir. 1965). See also Truck Drivers & Helpers Union Local 784 v. Ulry-Talbert Co., 330 F.2d 562 (8 Cir. 1964).

The exclusionary clause in the Agreement is as follows:

> "The scope of authority and powers of the arbitrator are subject to the following limitations:
>
> "(A) The arbitrator shall have no power to add to, subtract from, change or modify any provision of this Agreement but he is authorized only to interpret the specific provisions of this Agreement and to apply them to the specific facts of a grievance which is subject to arbitration."

██ This exclusion is broad and general in its application and does little more than repeat the law found in the Enterprise case, supra, to the effect that an arbitrator is "confined to interpretation and application of the collective bargaining agreement." This exclusion does not clearly take this dispute or the award outside of the specifically granted authority of the arbitrator. Therefore, resolving all ambiguity of authority, as we must, in favor of coverage, we have no alternative but to hold that the awards are valid.

██ Appellant argues that these awards add to the terms of the contract. We cannot agree. The subject matter of wages, hours, and overtime was dealt with in the Agreement. [On the exact points in dispute the Agreement was ambiguous as to its precise meaning. The arbitrator made his award by interpreting and applying the Agreement in question to the facts of the dispute as required by the exclusionary clause of the Agreement and the language of the Enterprise case, supra.] The awards were not clearly and unambiguously excluded from the arbitrator's authority as set out in United Steelworkers of America, etc. v. Warrior & Gulf Navigation Co., supra. On the contrary, the issues raised by the Union relate directly to the Agreement, are on their face governed by the Agreement, and the interpretations placed on the pertinent parts of the Agreement by the arbitrator are permissible. The arbitrator acted within the scope of his authority under the Agreement in rendering the awards. This Court, as well as the District Court, need not and cannot pass upon the merits of the awards.

The trial court's well considered judgment is affirmed.