**NATIONAL MARITIME UNION OF AMERICA, AFL–CIO, Plaintiff,**

v.

**FEDERAL BARGE LINES, INC., Defendant.**

No. 68C 35(1).

United States District Court
E. D. Missouri, E. D.
Jan. 9, 1969.

Morris A. Shenker, St. Louis, Mo., Abraham E. Freedman, New York City, Joseph Cohn, E. St. Louis, Ill., for plaintiff.

Coburn, Croft, Kohn & Herzog, Spoehrer & Griffith, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

Plaintiff Union instituted this action against the defendant, Federal Barge

Lines, Inc., invoking jurisdiction under section 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 185(a). In essence, plaintiff seeks to have this court review and reverse an arbitration award. Defendant moved to dismiss this action under rule 12(b)(6). The court, after hearing argument on the motion under rule 12(c), and being advised that more documents other than the plaintiff's complaint had been filed, determined to treat that motion as one for summary judgment under rule 56 and each party was granted additional time to file affidavits and briefs. Further affidavits and memoranda have been filed. It is the opinion of this court that no genuine issues of fact exist and that only questions of law remain to be determined, and that, therefore, this is a proper case for summary judgment.

Much of the applicable law relating to arbitration and the court's position in regard thereto stems from a trilogy of Supreme Court cases: United Steelworkers of America v. Warrior & Gulf Navig. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L. Ed.2d 1409; United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; and United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424. The effect of these decisions and those of the courts of appeal which have followed is to give a great deal of finality to the decision of the arbitrator once an issue has been submitted for arbitration. See e. g., Bonnot v. Congress of Independent Unions, 331 F.2d 355 (8th Cir. 1964) and Western Iowa Pork Co. v. National Brotherhood of Packinghouse and Dairy Workers, 366 F.2d 275 (8th Cir. 1966). As noted by the Eighth Circuit: "Courts in furtherance of the express policy favoring compulsory arbitration in labor disputes have customarily limited the scope of review of arbitration awards." Northwest Airlines, Inc. v. Air Line Pilots Ass'n, 373 F.2d 136, 142 (8th Cir. 1967), citing Gunther v. San Diego & Arizona Eastern R. Co., 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965). With a view to the rather limited scope of review provided by these cases, the court proceeds to the facts involved.

One James Essex, an employee of the defendant, was injured while working on one of the defendant's barges. This injury required hospitalization, but upon release from the hospital Essex was given a "fit for duty slip". He was then returned to work by the defendant. Subsequently, as the statute of limitations was about to expire, Essex filed suit against the defendant under the Jones Act. Shortly thereafter, he was refused further active employment by the defendant. Pursuant to the collective bargaining agreement then existing, the plaintiff Union presented to the defendant a grievance arising out of the Essex matter. When no agreement was forthcoming, pursuant to Article II, the matter was submitted to arbitration. The following issue was presented to Elmer E. Hilpert, Arbitrator: In the circumstances, did the company violate the collective bargaining agreement between the Company and Union when it refused to keep James Essex, the grievant in this proceeding, actively employed after January, 1967?

His decision, after hearing, was that the Company did not violate that agreement. Plaintiff Union's challenge is threefold: First, that the decision was beyond the power of the arbitrator in that it added to the contract; second, that the decision is contrary to established federal policy; and third, that the decision was arbitrary, capricious and unreasonable. The court, after giving consideration to the transcript of the hearing before the arbitrator, the relevant labor agreement, each of the affidavits filed, and after a review of the appellate decisions on this problem, is of the opinion that summary judgment must be granted to the defendant.

A reading of the labor agreement, the transcript, and the opinion rendered by the arbitrator demonstrates with clarity that the opinion of the arbitrator was neither arbitrary, capricious nor unreasonable. This allegation by the

plaintiff is patently without merit. The cases cited above clearly reveal that plaintiff is not entitled to a de novo review of the issue it has raised. There is sufficient evidence in the transcript to support the decision.

■ The determination of whether or not the arbitrator exceeded his authority in making the award must be made by reference to the four corners of the instrument constituting the contract between the parties. Truck Drivers & Helpers Union Local 784 v. Ulry-Talbert Co., 330 F.2d 562 (8th Cir. 1964). Article II, Section 3(d) of the contract (page 6), contains the following limitation on the power of the arbitrator:

"The arbitrator shall only have jurisdiction and authority to interpret, apply, or determine compliance with provisions as written in this Agreement relating to the conditions of employment set forth in this contract insofar as it be necessary to determination of disputes arising hereunder, but the arbitrator shall not have jurisdiction or authority to add to, detract from, or to alter in any way the provisions of this contract, or change the wages, vacations or other conditions of employment established hereunder."

This exclusionary clause is quite similar to that discussed in *Western Iowa Pork Co.*, supra. In both cases the subject matter of the dispute was covered in a fashion by the Agreement and both agreements are not without inherent ambiguity. Article X, section 3 of the contract, sets forth three sets of circumstances in which layoffs are permissable. (The opinion of the arbitrator finds that the refusal of the company to actively employ Essex was not a discharge and would not lead to a loss of seniority.) However, Article I, section 11, provides the possibility that such specification was not meant to be exclusive. The arbitrator so found and there is sufficient ambiguity in these sections to permit that decision without violating the exclusionary clause. For example, Article X, section 3, does not specify that dishonesty could lead to a layoff, but certainly dishonesty would justify such action by the company. As noted in *Western Iowa Pork Co.*, supra, 366 F.2d, at 277: "* * * In making the determination of whether an arbitrator has exceeded his authority the agreement must be broadly construed with all *doubts being resolved in favor of his authority.*" See also, Bonnot v. Congress of Independent Unions, supra, and United Steelworkers of America v. Warrior & Gulf Navig. Co., supra.

■ Viewing the arbitrator's decision in the light of the law enunciated by these cases, as well as other authorities cited by both parties, this court cannot say that the arbitrator here exceeded his authority. This decision clearly draws its essence from the agreement itself. United Steelworkers of America v. Enterprise Wheel & Car Corp., supra.

■■ The final allegation presented is that the award of the arbitrator runs contrary to established federal policy. Clearly by means of the Jones Act, 46 U.S.C.A. § 688, Congress has established a policy of allowing seamen to freely institute lawsuits against their employers for injuries. Plaintiff argues that the present award runs contrary to this policy in that it will have serious consequences interfering with an employee's decision to sue. The court agrees with plaintiff that if employers were permitted to lay off or discharge an employee *solely* because he exercised his statutory right to sue then the expressed policy of Congress would be thwarted. However, the finding of the arbitrator was that the employer did not lay off or refuse active employment to Essex because he had filed a lawsuit, but rather that the nature and extent of the allegation of personal injury (permanent and progressive injury) led to that result. Essex alleged serious personal injury. That allegation was found by the arbitrator to have removed the issue of the employee's physical fitness to the forum of the court in which the suit was filed. This being the case, the decision involved here did not ratify nor permit the layoff or discharge of an employee because he

exercised his statutory right to sue his employer under the Jones Act. It does, however, point up the importance of truthful allegations in one's pleadings. The decision of the arbitrator as set forth in his opinion does not run contrary to established federal policy as set forth in the Jones Act.

The allegations of plaintiff having been found to be without merit, it is the opinion of this court that summary judgment must be entered in favor of the defendant, Federal Barge Lines, Inc., and against the plaintiff, National Maritime Union.

Accordingly, the defendant's motion to dismiss is treated as a motion for summary judgment and will be sustained, and the clerk will prepare and enter the proper order to that effect.