**CENTRAL PENNSYLVANIA MOTOR CARRIERS CONFERENCE, INC.**

v.

**LOCAL UNION NO. 773, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA**

and

**Bob Young Trucking, Inc.**

**Civ. A. No. 34854.**

United States District Court
E. D. Pennsylvania.

Feb. 20, 1964.

---

Morgan, Lewis & Bockius, William J. Taylor, John C. Peet, Jr., Philadelphia, Pa., for plaintiff.

Richard H. Markowitz, Philadelphia, Pa., for Union.

Mindlin, Sigmon, Briody & Littner, Morris Mindlin, Bethlehem, Pa., for Bob Young.

WOOD, District Judge.

This is an action brought under Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C.A. § 185(a) (L.M.R.A. of 1947) by an association of motor carriers to enjoin one of its fellow members and a Local Teamsters Union No. 773 from rearbitrating a dispute which had been previously arbitrated pursuant to a collective bargaining agreement entitled the "Central Pennsylvania Steel Haul and Special Commodities Agreement."

### FINDINGS OF FACT

1. Plaintiff, Central Pennsylvania Motor Carriers Conference, Inc. (hereinafter referred to as "Association"), a Pennsylvania corporation with its principal place of business at 1620 North 19th Street, Allentown, Pennsylvania, is an association of motor carriers organized and existing for the purpose of representing its members in collective bargaining.

2. Defendant Local 773, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America (hereinafter referred to as "Local Union"), is an unincorporated labor association having an office at 1345 Hamilton Street, Allentown, Pennsylvania.

3. Defendant, Bob Young Trucking, Inc. (hereinafter referred to as "Young"), is a common carrier of property and a corporation with its principal place of business at Schoenersville Road, Bethlehem, Pennsylvania. The defendant became a member of the plaintiff Association on or about August 1, 1963 and was a member at the time that these proceedings were instituted.

4. This Association represents 63 motor carriers, including Young, who executed a collective bargaining agreement (Central Pennsylvania Steel Haul Commodities Agreement) with eight local unions including the defendant Local Union No. 773 which are affiliated with the International Brotherhood of Teamsters, etc.

5. A power of attorney was executed by Young granting the plaintiff Association "full, sole and exclusive power" to execute labor contracts and settle labor disputes involving Young and its employees. This power of attorney was executed by Young on July 25, 1963, and accepted by the Association on August 1, 1963.

6. Article 7 of the Agreement specifically provides for settlement of grievances by arbitration before a Joint Local City Steel Grievance Committee (hereinafter referred to as "Committee").

7. Subparagraph (f) of Article 7 further provides that the majority decision of the Committee shall be binding on all parties.

8. On October 19, 1963, Young discharged one Robert Feher, an employee, for matters relating to the operation of a truck.

9. A grievance was filed on this discharge by the Local Union pursuant to Article 7 (Grievance and Arbitration Provision) of the Agreement.

10. On or about November 7, 1963, the Committee processed the grievance against Young.

11. Young and the Local Union were both present and were parties to the adjudication of the grievance before the Committee.

12. The Committee on November 7, 1963 ordered Young to reinstate Mr. Feher with compensation from the time of his suspension on October 19, 1963, until he was fully reinstated with Young.

13. Young never appealed this order.

14. Thereafter, on November 18, 1963, a strike broke out involving the defendant Young and the Local Union because Young refused to reinstate Mr. Feher.

15. On December 23, 1963, Bob Young Trucking, Inc., the International Brotherhood of Teamsters, and certain members of Local Union No. 773 entered into an agreement wherein the parties agreed to rearbitrate the grievance of Robert Feher and they also agreed to set aside the previous award of the Joint Local City Steel Grievance Committee pending the outcome of the new arbitration.

16. The Agreement of December 23, 1963 was utilized by the parties to settle the existing strike between Bob Young Trucking, Inc., and Local Union No. 773.

17. The plaintiff contends that the rearbitration clause contained in the Agreement of December 23, 1963 is null and void because it contravenes the grievance procedures set out in the original collective bargaining agreement to which Young is a party.

18. The defendant Young and the Local Union arranged for a rearbitration hearing of the grievance on January 13, 1964.

19. The defendant Young resigned his membership in the plaintiff Association on February 1, 1964.

## DISCUSSION

The defendants argue that this Court is without jurisdiction of this matter under Section 301 of the L.M.R.A. of

1947, and, further, that the plaintiff has no standing to seek interlocutory relief since Young has his own collective bargaining agreement dated May 27, 1963 with the International Brotherhood of Teamsters before Young became a party to the Central Pennsylvania Steel Haul and Special Commodities Agreement on August 1, 1963.

On January 10, 1964, we issued a temporary restraining order, enjoining the defendants from proceeding with a private arbitration hearing scheduled for January 13, 1964. This hearing was to consider the reinstatement of Robert Feher, an employee of Young, who had previously been ordered reinstated by the Joint Local City Steel Grievance Committee on November 7, 1963.

Thereafter, we held a hearing on January 27, 1964, to consider the propriety of the plaintiff's claim for injunctive relief. No testimony was taken as the facts were not disputed. Upon agreement of the parties we continued the restraining order until February 20, 1964.

The plaintiff does not seek damages for breach of a collective bargaining agreement, but instead requests this Court to restrain the defendants from rearbitrating a grievance which had been decided pursuant to the procedures contained in the Central Pennsylvania Steel Haul and Special Commodities Agreement. Also, the plaintiff demands that the Court enforce the decision of the Committee as a final, binding judgment.

■ A suit to enforce compliance with an arbitration award rendered pursuant to a collective bargaining agreement is within the ambit of Section 301(a). Textile Workers v. Lincoln Mills, 353 U.S. 448, 458, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). This Court has jurisdiction of such a suit provided the award is final and binding under the collective bargaining agreement. General Drivers, etc., Local Union v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963). Such enforcement may take the form of an injunction if this will effectively insure compliance with the provisions of the agreement. Textile Workers v. Lincoln Mills, supra, 353 U.S. at p. 458, 77 S.Ct. at pp. 918–919, 1 L.Ed.2d 972, citing Syres v. Oil Workers International Union, 350 U.S. 892, 76 S.Ct. 152, 100 L.Ed. 785 (1955).

■ Multi-employer agreements similar to the contract in this case are intended to promote the common economic interests of the parties and insure industrial harmony for the period covered by the contract.

Such a purpose is in full accord with the intent of the L.M.R.A. of 1947. This multi-employer Agreement would be meaningless and utter chaos would occur if each carrier could resort to private arbitration merely because it received an adverse decision under the procedures outlined in the contract. The common economic interests shared by the parties to the Central Pennsylvania Steel Haul and Special Commodities Agreement amply qualify the plaintiff to bring this action on their behalf to preserve those interests.

## CONCLUSIONS OF LAW

1. We have jurisdiction of the parties and the subject matter.

■ 2. The arbitration award of November 7, 1963 is a final, binding judgment which is enforceable by the Court.

■ 3. Irreparable harm will result to the plaintiff if Young is allowed to ignore this binding judgment and rearbitrate the grievance concerning Robert Feher.

4. The stability of labor relations in a large segment of the trucking industry will be undermined if Young persists in violating the multi-employer agreement.

■ 5. The defendant Young was a party to and bound by all the terms of the Central Pennsylvania Steel Haul and Special Commodities Agreement.

6. The defendant Local Union No. 773 is likewise bound by all the terms of the Central Pennsylvania Steel Haul and Special Commodities Agreement.

7. Neither of the defendants can unilaterally change or vary the provisions

of the aforesaid Agreement without the consent of all parties thereto.

8. The defendant Young by executing the multi-employer Agreement specifically recognized the Association as its agent.

9. The plaintiff is entitled to a preliminary injunction.