**Thomas ABRUSCATO et al., Plaintiffs,**

v.

**LOCAL 199, INDUSTRIAL WORKERS OF ALLIED TRADES, NATIONAL FEDERATION OF INDEPENDENT UNIONS, United Construction Contractors Association, Inc., et al., Defendants.**

**No. 67 Civ. 4509.**

United States District Court
S. D. New York.
March 28, 1969.

O'Donnell & Schwartz, New York City, for plaintiffs.

Spector & Meissner, Brooklyn, N. Y., for defendants other than United Const. Contractors Assn., Inc.

N. George Turchin, New York City, for United Const. Contractors Assn., Inc.

## MEMORANDUM

EDELSTEIN, District Judge.

On November 15, 1964, Local 199, Industrial Workers of Allied Trades, National Federation of Independent Unions, (hereinafter Local 199) entered into a collective bargaining agreement with the United Construction Contractors Association, (hereinafter the Association). The Association represented certain employers.

Among other provisions the agreement provides for payments by the Association's employer members of certain monies into three separate funds—an annuity fund, a welfare fund, and a pension fund. Defendant Association argues,

and it is conceded by plaintiffs, that the Association had no obligation to make payments to or administer the diverse funds. Rather, the employers become bound to make payments by executing a membership application [1] with the Association.

The gravamen of plaintiffs' complaint is that various employer members have failed to make payments into the fund and have mismanaged and wasted the fund's assets. As a result of these violations by the individual employers, plaintiffs argue, the defendant Association has breached the collective bargaining agreement, apparently because it somehow "did not enforce and live up to" [2] the terms of the agreement.

Defendant moves pursuant to F.R.Civ. P. 12(b) (6) to dismiss for failure to state a claim upon which relief can be granted and although it moves pursuant to F.R.C.P. 56 for summary judgment as well, the real thrust of its motion is to dismiss.

Insofar as it is undisputed that the Association never participated in the administration of any of these funds, never received monies from these funds for administrative or other purposes, and at no time participated in any of the activities of the funds, plaintiffs must at least allege a contractual obligation on the part of the Association to supervise the actions of its member employers in this regard or a contractual obligation to stand as a surety in case a member defaulted on his payments. But it is conceded by plaintiffs on argument that the collective bargaining agreement does not place the Association under any contractual obligation to administer or keep records in the fund. It is conceded that the Association is not a trustee of the fund and that there are no federal or state statutes which would require it to

---

1. Paragraph 3 of the membership application reads:

   "We agree to be bound by, and to comply with the terms of any agreement now existing or which may hereafter be entered into between the Association and Industrial Workers of Allied Trades, Local 199, with the same force and effect as though we had by these present executed the same as a party."

2. Affidavit in opposition to defendant's motion to dismiss, Stephen H. Kimatian, p. 2.

administer, manage, oversee or make filings concerning the funds. Indeed, plaintiffs have never requested a statement of their interests in the funds.

The question, therefore, on the 12(b)(6) dismissal motion is whether there are allegations which if proved would make the Association liable for nonpayment and mismanagement of the funds.

Plaintiffs do not make such allegations. The conclusory statement that "because the Association may not be required to administer * * * the funds, it is not relieved from its contractual obligations"[3] begs the issue. What are these obligations? From where do they arise? Such conclusory allegations as these presented here are not sufficient without more to withstand a 12(b)(6) dismissal motion. Pauling v. McElroy, 107 U.S. App.D.C. 372, 278 F.2d 252 (1960) *cert. denied* 364 U.S. 835, 81 S.Ct. 61, 5 L.Ed. 2d 60; Barnett v. Anaconda Co., 238 F. Supp. 766, 773 (S.D.N.Y.1965). If the contract provides that the Association becomes responsible for the faithful administration of these trusts, plaintiffs have not brought that provision to the court's attention.

The two cases cited by plaintiffs in support of their conclusory statements are hopelessly irrelevant. Central Pa. Motor Car Conf. Inc. v. Local No. 773, Int. Bro. of Team., 226 F.Supp. 795 (E.D. Pa. 1964) involved a suit to enforce compliance with an arbitration award and was brought by, not against, an association. Local No. 386, Bro. of Team. v. California Assn. of Employers, 145 CCH, N.L.R.B. 145, ¶ 12889 (1964) was a case in which the Association was being sued because it (the Association) had violated a law of the United States.

Plaintiffs may well have a substantial cause of action against certain individuals, but they have none against the Association.

Accordingly, plaintiffs' complaint is dismissed for failure to state a claim upon which relief can be granted.

So ordered.

3. Affidavit of Stephen H. Kimatian, p. 5.