**SIGNAL DELIVERY SERVICE, INC.**

v.

**HIGHWAY TRUCK DRIVERS & HELPERS, LOCAL NO. 107, et al.**

Civ. A. No. 72–1176.

United States District Court,
E. D. Pennsylvania.

June 30, 1972.

John W. Pelino, Philadelphia, Pa., for plaintiff.

Howard Casper, Philadelphia, Pa., for Local 107 and officers.

Martin Wald, Phildelphia, Pa., for MTLF and Arnold Rosenthal.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BRODERICK, District Judge.

This matter is before the Court on plaintiff's complaint seeking a preliminary and permanent injunction to re-

strain the officers of defendant Local 107 from proceeding with the arbitration of a grievance of Robert Davis, a member of Local 107. After a consolidated hearing on the plaintiff's request for a preliminary and permanent injunction on June 23, 1972, and after oral argument and a thorough study of the applicable law, this Court makes the following:

## FINDINGS OF FACT

1. Plaintiff is an employer engaged in an industry affecting commerce within the meaning of the National Labor Relations Act, 29 U.S.C. § 151 et seq.

2. Defendant Highway Truck Drivers & Helpers Local No. 107 is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. § 151 et seq.

3. Plaintiff Signal and defendant Local No. 107 are parties to a valid, subsisting collective bargaining agreement, the term of which is from April 1, 1970 to June 30, 1973.

4. The collective bargaining agreement provides that grievances arising out of the agreement should be submitted for arbitration to the Joint Local Committee consisting of three representatives of Local 107 and three representatives of management; and if the Joint Local Committee fails to reach a decision, the grievance is to be submitted to the Joint Area Committee.

5. The forms on which the grievances were submitted to the Joint Area Committee over signatures of an agent of Local 107 and a representative of Signal provide that a majority decision of the Committee "will be final, conclusive and binding with no appeal and further that neither party will attempt through any overt acts to avoid the decision rendered."

6. On April 6, 1971, in response to a union grievance that the "company is paying wrong rate for men alleged to be doing checking work", the J.A.C. denied "the claims of the Union." (J.A.C. 4–C–61–71).

7. On January 19, 1972, the union filed the following grievance: "company improperly classifying employees. Men presently classified as platform men should be classified as checkers."

8. On March 7, 1972, the J.A.C. reached the following decision concerning the January 19, 1972 grievance:

The Panel met in executive session where a motion was made and seconded that where these grievants are required to handle bills, be responsible for counting of freight or signing for freight they are to be paid the checker's rate of pay. When the employees are told to move freight or to place it in a specific location, then they are to be paid the rate of pay of a platform man. Motion carried. (J.A.C. 3–C–18–72).

9. A case (J.L.C. 6–C265–72) was submitted to the Joint Local Committee by Local 107 seeking checker's wages for certain work done by platform man Robert Davis as follows:

Gr. was instructed by a Sears Boss to check all Boston returns for white labels marked for Blvd. and sort by Div. #'s. Gr. had to make sure only one Div. was loaded on any truck rental that was unloaded from trailer he was working. He had to check each piece of mdse. for Div. #'s, make sure it was for Blvd. Platform.

10. The present grievance by Davis seeks arbitration of whether he was entitled to checker's pay for certain work which he performed on May 16, 1972, as set forth in Finding of Fact No. 9.

## DISCUSSION

This action arises out of an attempt by the defendant, Local 107, to prosecute the grievance of Robert Davis, who claims checker's wages for certain work which he performed on May 16, 1972. Plaintiff, Signal Delivery Service, Inc. (hereinafter referred to as Signal) seeks to enjoin said arbitration on the ground that the issue has already been arbitrated and that to allow a second arbitration of the issue would "clog and subvert the

workings of the grievance procedure" thereby causing "utter chaos." Jurisdiction is founded on Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

The pertinent facts may be briefly recited: Pursuant to a labor contract between Signal and Local 107 entered into on April 1, 1970 and still in force, all grievances between the parties are to be submitted to the Joint Local Committee (J.L.C.) for arbitration. In the event no decision can be reached by the J.L.C., the grievance is then submitted to the Joint Area Committee (J.A.C.) for arbitration.

On February 24, 1971 three related grievances were filed by Local 107 against Signal with the J.L.C. The case designated as J.L.C. 3–C184–71 was brought on behalf of all members of the union assigned as platform men asking that they be paid checker's wages whenever assigned to do checker's work. J. L.C. 3–C185–71 and 3–C186–71 were filed on behalf of two platform men, Thomas McGarrety and Ronald Hevener, claiming checker's pay for certain work which they performed. When the J.L.C. could reach no decision, the grievances went to the J.A.C., which denied the claims of the Union on April 6, 1971. (J. A.C. 4–C–61–71).

On January 19, 1972 Local 107 filed a grievance for William Stassen claiming that all Signal Delivery Platform men were entitled to checker wages for certain work. Again the J.L.C. was unable to reach a decision, and the matter was referred to the J.A.C. (J.L.C. 2–C84–72). On March 7, 1972 the J.A.C. rendered the following decision:

> when . . . grievants are required to handle bills, be responsible for counting of freight or signing for freight, they are to be paid the checker's rate of pay. When the employees are told to move freight or to place it in a specific location, then they are to be paid the rate of pay of a platform man (J.A.C. 3–C–18–72).

Plaintiff alleges that these two decisions by the J.A.C. are "final and binding" and preclude Local 107 from bringing the grievance of Davis to arbitration. The employer claims that Davis' grievance, which alleges that on May 16, 1972 he:

> was instructed by Sears boss to check all Boston returns for white labels marked for Blvd. and sort by Div. #'s. Gr. (grievant) had to make sure only one Div. was loaded on any truck rental that was unloaded from trailer he was working . . . .

is identical to the grievances previously decided by the J.A.C. (3–C–18–72 and J.A.C. 4–C–61–71).

The law is clear that this Court has the authority to enjoin the arbitration of grievances which have previously been decided pursuant to "final and binding arbitration" clauses of collective bargaining agreements. Central Pennsylvania Motor Carriers, Inc. v. I. B. T. Local 773, D.C., 226 F.Supp. 795 (1964); Motor Transport Labor Relations, Inc., et al. v. Highway Truck Drivers & Helpers Local No. 107, et al. (Civil Action No. 40912, E.D.Pa.1966); Drake Motor Lines, Inc., et al. v. Highway Truck Drivers and Helpers Local, et al. (Civil Action No. 70–1303, E.D.Pa. 1970). However, the law is equally clear that a court has no obligation or duty to inquire beyond the decision of the arbitrator. United Cement, Lime and Gypsum Workers Intern. Union, Local No. 84 v. Penn-Dixie Cement Corp., 216 F.Supp. 667 (E.D.Pa.1963); see also Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123 (3rd Cir. 1969). Moreover, when an arbitrator's award is ambiguous any interpretation of that order should be left to the arbitrator. Local 719, American Bakery & Confectionery Workers v. National Biscuit Co., 378 F.2d 918 (3rd Cir. 1967); Hanford Atomic Metal Trades Council v. General Electric Co., 353 F.2d 302 (9th Cir. 1966). Therefore, the issue facing this Court is whether the grievance of Robert Davis is the same as those grievances previously decided. If it is not the same grievance, this Court cannot interfere with the normal grievance pro-

cedure set forth in the collective bargaining agreement between Signal and Local 107. For the reasons hereinafter stated, we are convinced that the instant arbitration should not be enjoined by this Court.

■■■ At the outset we must be mindful of the fact that federal labor policy favors the arbitration of labor disputes. Independent Oil Workers v. Mobil Oil Corp., 441 F.2d 651 (3rd Cir. 1971); International Ass'n of Machinists & Aerospace Workers v. General Electric Co., 406 F.2d 1046 (2nd Cir. 1969). Viewed in this light, it is clear that a federal court should enjoin an arbitration only where it is clear that the grievance sought to be enjoined is identical with a prior arbitration decision and that irreparable harm would result if the arbitration were not enjoined. The three cases cited by plaintiff in which arbitrations have been enjoined illustrate the close identity of issues necessary in the previously decided grievance and the one sought to be enjoined before a court will interfere with arbitration procedure.

In *Drake, supra,* the Honorable Ralph C. Body preliminarily enjoined an arbitration on a motion for summary judgment where the same employees sought the same relief and where plaintiff's uncontested affidavit stated that the two grievances were identical.[1] Judge Body was faced with a similar situation in

*Motor Transport, supra,* wherein the statement of the new grievance proclaimed it to be identical with the prior grievance, but sought a reopening of the case on the basis of new facts.[2] The Honorable Harold Wood, in *Central Motor Carriers, Inc., supra,* enjoined an arbitration where it was admitted by the parties that the grievance sought to be submitted was the same as one already decided. No other case enjoining an arbitration has been presented to this Court, and those presented are in no way similar to the instant case.

While both the Davis case and the two adjudicated arbitrations concern Checker's wages for platform men, that is the end of the similarity. The two prior arbitrations on their face appear to apply to all platform employees, while the Davis case seeks checker's pay for certain work performed by Davis, a platform employee, on a particular day. Moreover, under the definition of checker's work and platform work in J.A.C. 3–C–18–72, it would appear that Davis is asking the J.A.C. to determine whether the particular job which he performed on May 16, 1972 falls within the J.A.C. definition of checker's work. Thus, it is clear that on its face the Davis grievance is not identical with the two previously decided grievances.

Accordingly, plaintiff's request for a preliminary and permanent injunction to prevent the Davis grievance from proceeding to arbitration is denied.

---

1. In Drake the following grievance was adjudicated in 1967:
 Following Grievance is for the attached list of people. We are former Lit Brothers employees and transferred to United Parcel seniority list under the house concern. Article 40, Section 5. Shulman-Drake is now doing the work which was formerly done by grievants. The grievants are claiming seniority and all lost work opportunity with Shulman-Drake.
 The 1970 grievance sought to be enjoined was expressed as follows:
 Your position . . .
  A discriminatory act has been committed against the entire Lit Bros. House Acct. Personnel, who were employed by U.P.S.—Drake Motor Lines refused to employ the people under

 House Acct. Conditions, yet were willing to accept other Lit Bros. House Acct. men under House Acct. Conditions from another carrier (ABC Exp.) who had lost their contract. Pres. Hanson of Lit Bros. stated that he has no opposition to Drake hiring these people —claiming all seniority and lost earnings for Lit Bros. House Acct. people. The undersigned are grieving for the entire list of (U.P.S.) Lit Bros. House Acct. Personnel.

2. The new grievance stated:
 Based on the fact that decision rendered at Joint Area Committee level in this case were not based on facts presented, case 5–696–66 is being refiled for a new hearing.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action complaining of a violation of a contract between plaintiff and all defendants under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

2. If this matter is submitted to arbitration, plaintiff will not suffer irreparable harm.

3. A Court should not enjoin the arbitration of a grievance which is not identical to a grievance previously arbitrated.

4. J.A.C. 3–C–18–72 provides that platform men "counting freight or signing for freight" are entitled to checker's pay.

5. Davis seeks by his grievance to determine whether his work on May 16, 1972 constituted "counting freight."

6. The Davis grievance is not identical with the two previously decided grievances.

7. Plaintiff's request for preliminary and permanent injunction is denied.