INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION, LOCAL 34, Plaintiff,

v.

CARGILL, INC., a corporation, Defendant.

No. C–73 0648.

United States District Court, N. D. California.

May 1, 1973.

Gladstein, Leonard, Patsey & Andersen, Norman Leonard, San Francisco, Cal., for plaintiff.

Harry A. Jackson, Jr., San Francisco, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PRELIMINARY INJUNCTION

WOLLENBERG, District Judge.

The complaint in this action, filed April 20, 1973, seeks confirmation and enforcement of an arbitration award issued by Dr. Lincoln Fairley on April 9, 1973. Jurisdiction of this matter is conferred under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and under the National Arbitration Act, 9 U.S.C. § 9. The parties agreed, by their "Memorandum of Understanding," dated November 30, 1972, to submit their dispute to arbitration in order to end picketing of defendant's operations. The question decided by Dr. Fairley was:

> "Is a supercargo required, under the terms of the ILWU/PMA Pacific Coast Clerks' Contract Document, at Cargill's copra discharge operation at Pier 84 in San Francisco?"

After two days of hearings and full briefing, Dr. Fairley answered the question in the affirmative.

Defendant has not, and from all indications does not intend to comply with the arbitration award, absent a mandatory preliminary injunction, until the Court has decided the merits of the complaint. It is defendant's position that the Court does not have jurisdiction to grant preliminary relief, and that in any event, a preliminary injunction is not appropriate in this case because plaintiff has failed to demonstrate that irreparable harm would occur if such relief were denied.

The precise question of whether an arbitration award may be enforced by preliminary injunction was before the court in Bricklayers, Masons, Marble and Tile Setters, Protective and Benevolent Union No. 7 of Nebraska v. Lueder Construction Company, 346 F.Supp. 558 (D.Neb.1972). In that case, the court was asked to issue a preliminary injunction ordering defendant to comply with the award of the National Joint Board for the Settlement of Jurisdictional Disputes which assigned certain work to the bricklayers represented by plaintiff. The court recognized that mandatory preliminary injunctions should be granted only in rare instances where the facts and law are clearly in favor of the moving party, especially if the grant of the temporary injunction would in effect give the plaintiff the relief which he seeks in the main case. Nevertheless, the court held that it had the power to issue a mandatory injunction "as a means to compel defendants to honor the decision of the Joint Board, thereby specifically enforcing the agreement entered into by the parties to so abide by

said decision." 346 F.Supp. at 563. *Accord,* Central Pennsylvania Motor Carriers Conference v. Local Union No. 773, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, 226 F.Supp. 795, 798 (E.D.Pa. 1964). This Court agrees, and therefore holds that it has jurisdiction under § 301 of the LMRA to grant preliminary relief in a suit to enforce an arbitration award. Since the Court has jurisdiction under § 301, it need not determine whether jurisdiction is also conferred by the National Arbitration Act.

The question remains whether this is an appropriate case in which to grant preliminary relief. In view of the narrow scope of review permitted when the award of an arbitrator is sought to be enforced, plaintiff has shown sufficient likelihood of success on the merits. Moreover, it appears that irreparable harm will result if preliminary relief is denied in that members of plaintiff's union will be deprived of work for a substantial length of time. Defendant, on the other hand, will suffer no undue burden in complying with the award pending review, since any money expended in salary and other benefits to supercargoes can be reimbursed should defendant prevail, and may be guaranteed by an appropriate surety bond.

Two other factors strongly suggest that preliminary relief should be granted in this case. In a letter from defendant's counsel to plaintiff's counsel, dated December 19, 1972, defendant says: "This will also confirm that should the arbitrator decide the question in the affirmative retroactive pay will be provided for a super on all vessels subsequent to the SS Bernhard." Nothing in this letter or the Memorandum of Agreement indicates that the retroactive pay would await enforcement of the award by this Court. Hence, it appears that the agreement of the parties follows the general rule that decisions of arbitrators are final and binding. Humphrey v. Moore, 375 U.S. 335, 351, 84 S. Ct. 363, 11 L.Ed.2d 370 (1964).

Equally important, where the defendant does not suffer any irreparable harm by complying with the arbitration award, the strong policy in favor of encouraging arbitration of labor disputes dictates that the decision of arbitrators should be put into effect without delay. The present award is such a case.

For these reasons, the Court finds that this is an appropriate case for issuance of a mandatory preliminary injunction. It is therefore ordered, adjudged and decreed that upon the posting of a surety bond in the amount of $3,000 by plaintiff, the arbitration award of Dr. Lincoln Fairley dated April 9, 1973, a copy of which is attached to the verified complaint herein as Exhibit C, shall be specifically enforced pending final judgment in this action.

It is further ordered, adjudged and decreed that Cargill, Inc. and all persons acting for and on its behalf and in concert with it be, and they and each of them are hereby ordered to comply with the terms and provisions of said award and decision pending further order of this Court.